SUSAN A. ZERING *v.* ROBERT ZERING
(2783)

SPALLONE, DALY and CRETELLA, Js.

Argued May 31—decision released September 17, 1985

*Joseph A. Hourihan,* for the appellant (defendant).
*Hubert J. Santos,* for the appellee (plaintiff).

CRETELLA, J. This is an appeal by the defendant, Robert Zering, from the financial portions of a judgment rendered by the trial court dissolving his marriage to the plaintiff, Susan Zering. The trial court found that the marriage had broken down irretrievably and awarded custody of the three minor children to the plaintiff; neither ruling has been contested by the parties.

The defendant claims that the trial court erred in making its awards of alimony and support and of post-majority education expenses for the children.

The defendant's claim that the trial court abused its discretion in making its award of alimony and support is not supported by the record. The defendant contends that the court erred in excluding the defendant's testimony as to the plaintiff's earnings, erred in its find-

ings of the defendant's wages and assets, and failed to consider the defendant's liabilities and expenses.

The court in its sound discretion may admit testimony as to the opinion of a lay witness. *State* v. *Palozie,* 165 Conn. 288, 297–98, 334 A.2d 468 (1973); *Atwood* v. *Atwood,* 84 Conn. 169, 174, 79 A. 59 (1911); Holden & Daly, Connecticut Evidence (1966 and Sup. 1983) § 117 (c). We cannot say that the trial court's exclusion of the defendant's testimony of his wife's earnings, based on the value of paintings she sold, which value was to be established by the amount of United Parcel receipts for paintings shipped, as speculative, was clearly erroneous. The transcript clearly reveals that the trial court had an abundance of facts and information upon which it could make its findings as to the needs of the plaintiff and the wages, assets, liabilities and expenses of the defendant.

It has been repeatedly stated that " 'judicial review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did.' *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982) . . . ." *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984); see also *Valante* v. *Valante,* 180 Conn. 528, 530, 429 A.2d 964 (1980). With respect to the financial awards in a dissolution action, great weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence. *Gallo* v. *Gallo,* 184 Conn. 36, 44, 440 A.2d 782 (1981). We find no abuse of discretion in the trial court's award of alimony and support.

The defendant next claims that the trial court's award of postmajority education expenses for the children exceeded the statutory authority of the court in making support orders pursuant to General Statutes § 46b-84.

The trial court ordered the plaintiff to retain possession and control of a $10,000 savings account held in trust for the children. The money had been a gift from the defendant's mother to the parties for their three minor children. An account was opened with the plaintiff designated as trustee.[1] The trial court further ordered that "[t]he net income may be used by the Plaintiff wife for the support and maintenance of the children. The principal may be used for the education of the children. The Plaintiff shall provide annually on or about June 15th to the Defendant an accounting in writing of the status of this fund. Upon the youngest child reaching age 22, any balance of principal remaining is to be divided equally between the Plaintiff and the Defendant."

In *Salvio* v. *Salvio,* 186 Conn. 311, 441 A.2d 190 (1982), where there appeared to be distinct trust provisions set up for the benefit of the children and which trusts were far more firmly established than the alleged trust in the present case, the court, nevertheless, found that those funds were assets of the marriage primarily because the trusts were not irrevocable and the parents could have exercised control over them at their whim.

If the savings account here could be found to be an irrevocable trust for the benefit of the children, then postmajority education expenses would be permitted on the basis that the funds were in fact trust funds for the benefit of the children and *not* as an asset of the marriage. The order of the court directing that the income be used for the education expenses of the children, including postmajority expenses, with any remaining corpus of the funds to be divided equally between the husband and wife flies in the face of those

---

[1] We note that the gift to the children does not appear to fall within the Uniform Gifts to Minors Act, General Statutes § 45-101 et seq. See *Weisbaum* v. *Weisbaum,* 2 Conn. App. 270, 477 A.2d 690 (1984).

funds being trust funds for the children. Either the income and corpus belong to the children as trust funds, or the funds are an asset of the marriage over which the court could exercise control.

The record reveals little, if any, information concerning the savings account and the transcript merely indicates that funds were given to the husband and wife from the mother of the defendant with some vague reference that they were to be used for the children's education. The elements of establishing a trust which would remove the funds as an asset of the marriage are totally lacking in the light of the guidelines established in *Salvio* v. *Salvio,* supra. The case must therefore be remanded for the trial court's articulation of its findings concerning the disposition between the parties of the $10,000 savings account as an asset of the marriage.

There is error in part, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.