No. 86-602

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

IN RE THE MARRIAGE OF
SANDY J. MALQUIST,

   Petitioner and Respondent,
 and

DALE H. MALQUIST,

   Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,
   In and for the County of Lewis & Clark,
   The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

 For Appellant:

   Dale H. Malquist, pro se, Lincoln, Montana

 For Respondent:

   Dennis G. Loveless, Helena, Montana

Submitted on Briefs: May 7, 1987

Decided: July 13, 1987

Filed: JUL 1 3 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Dale H. Malquist appeals the findings of fact and conclusions of law entered in dissolution of marriage proceedings by the District Court, First Judicial District, Lewis and Clark County. We affirm in part and remand in part for further findings.

Dale and Sandy Malquist were married on April 19, 1969 in Milwaukee, Wisconsin. Two children, Darcy Lee, age 15 and Sara Lynn, age 11, were born to the parties. Dale has been employed as a master electrician, certified welder and certified locksmith. Sandy owned a beauty salon in Wisconsin and has worked at various jobs since then. In 1985, Dale was convicted of willful failure to file income tax returns and sent to a federal prison camp in California.

Sandy filed a petition for dissolution of marriage on August 25, 1986, while Dale was still in prison. Dale filed a response and amended response September 15, 1986. In the response, Dale requested the District Court not to require him to pay child support until he was released from parole; stated the family home plus 20 acres had been placed in a trust for the two minor children, of which trust Sandy was the "executrix" [settlor]; requested one-half interest in the 1959 Chevrolet panel truck; and requested the District Court to enumerate all other obligations incurred by the parties. As to all the other information listed in the petition, including the proposed property division and child support, Dale agreed and waived, in writing, his right to appear before the District Court in the dissolution proceedings.

On November 3, 1986, the District Court issued findings of fact, conclusions of law, and a decree of dissolution,

from which Dale now appeals. He specifies the following issues for our review:

1. Whether the District Court abused its discretion by awarding property to the wife which had been placed in a trust fund for the minor children of the marriage?

2. Whether the District Court can properly apportion property not listed in the petition for dissolution and of which the husband had not received notice?

3. Whether the District Court abused its discretion by accepting the wife's proposed findings of fact verbatim and by not first determining the net worth of the parties?

4. Whether the District Court abused its discretion by failing to equitably divide the assets of the parties?

5. Whether the District Court committed error by not considering the husband's pleadings or submitted findings of fact?

The issue raised by Sandy is whether Dale's appeal is without merit under Rule 32, M.R.App.Civ.P., and if so, she requests this Court to assess costs and attorney fees against Dale.

We note at the outset that both Sandy Malquist's attorney and Dale Malquist, representing himself, have appended to their briefs exhibits which were not introduced at trial. This Court will not consider evidence extraneous to the record. Downs v. Smyk (1980), 185 Mont. 16, 25, 604 P.2d 207, 312; Jerome v. Jerome (1978), 175 Mont. 429, 431, 574 P.2d 997, 998. While the exhibits may be helpful in unravelling the parties' disputes over the contents of the trust agreement, such evidence is properly within the fact-finding realm of the trial court and should be introduced at that level.

The first issue raised by Dale is whether the District Court erred in awarding trust fund property to Sandy. He

argues that the family home and 20 surrounding acres were part of the trust corpus and should not have been given to Sandy. Sandy testified at trial that the home and 20 acres were not part of the trust. The District Court found that a 1977 Blazer and a checking account were the only items in the trust fund. Dale argues that the District Court cannot award trust property to one party or the other when neither party has an interest in that property.

Under § 40-4-202, MCA, the District Court has jurisdiction to equitably apportion marital property regardless of whether title to the property is in the name of either husband or wife. In re Marriage of Schultz (1982), 199 Mont. 332, 339, 649 P.2d 1268, 1272. The question in this case is whether the trust fund established for the minor children is marital property? The answer to this question lies in the trust agreement itself--whether it is a revocable or irrevocable trust, whether the trust is for the present or future benefit of the beneficiaries, whether the intention to create the trust is clearly ascertainable. Savings account trusts may be considered marital property where the trust is a tentative trust only, and the beneficiaries had no beneficial interest in the savings accounts at the time of dissolution of the marriage. Salvio v. Salvio (Conn. 1982), 441 A.2d 190, 194-198. However, where the record reveals little, if any, information from which this Court can establish the elements of a trust, the case must be remanded for findings to support the trial court's disposition of the trust. Zering v. Zering (Conn. 1985), 497 A.2d 1023, 1025. Since the trust agreement was not submitted into evidence at trial, and the transcript reveals only that a trust was established for the minor children of the parties, but not the terms of the trust, we remand this case for findings to support the distribution of the trust fund and its assets.

The second issue raised is whether the District Court can apportion property not listed in the petition for dissolution. The "property" in question is a debt to Sandy's mother for monies loaned to the family in the course of the marriage. These loans were not listed in the petition, and the entire testimony from the hearing concerning the loans is as follows:

> Q. (By Mr. Loveless, attorney for Sandy Malquist): And also $18,000, which represents part of the money borrowed from your mother? A. (Sandy Malquist): Yes.

> Q. And not all that is--not all of that $42,000 went towards the family home; did it? A. No, it didn't. He bought a--he bought a fifth-wheel travel trailer that was used from job to job; and then he sold that and consequently bought that panel truck but she gave us the money to buy that; and he did buy some snowmobiles. She gave us the money for the snowmobiles, so it wasn't all just for building the home.

> Q. And you would like these payments to be made from Dale to you in a timely manner; and you think that he would be able to pay that off in the five-year period or else obtain refinancing to pay it off? A. It would be nice but I have no hope for it.

> Q. You are requesting the Court to include that in the order though.

There is no other evidence in the record, such as a loan agreement, promissory note, cancelled checks, or any form of receipt to substantiate the amount, existence or terms of the loans from Sandy's mother. Proposed findings of fact and conclusions of law must be sufficiently comprehensive to provide a basis for the trial court's decision, and must be supported by the evidence presented. In re Marriage of Benner (Mont. 1985), 711 P.2d 802, 805, 42 St.Rep. 1943,

1947. This issue is therefore remanded for further findings in support of the District Court's apportionment of the loan.

The third and fourth issues raised by Dale concern the District Court's distribution of the marital property. With the exception of the loan from Sandy's mother, and the debt incurred by Sandy for paying off the money owed by Dale on his welder and tools while he was in prison, the District Court distributed the marital property precisely as was set forth in the petition for dissolution. Dale had notice of this distribution, and, with the exception of the family home and 20 acres and the panel truck, he agreed with the distribution in his response to the petition. Having agreed to the distribution of property and waiving his appearance at the hearing, this Court will not hear arguments now that the distribution of the marital assets was inequitable. With the exception of the status of the trust fund property and the loans to Sandy's mother, we uphold the District Court's division of the marital assets and debts. We find no abuse of discretion in the District Court's division of property to which Dale had assented.

Dale has also argued the District Court did not consider the pleadings or findings of fact which he submitted. The only pleadings submitted by Dale are the petition to proceed in forma pauperis and affidavit of financial status, the response and amended response, a motion and notice of motion for a temporary restraining order, and his appellate motions. No proposed findings of fact were submitted by Dale. The District Court considered what little evidence Dale did submit. On remand, both parties will have the opportunity to submit further evidence in support of the distribution of trust fund assets and marital debts.

The final issue raised by Sandy is whether costs and attorney fees incurred by her should be assessed against Dale

for filing an appeal without merit. Since we have found merit in two of Dale's five issues, the parties are responsible for their own costs and attorney fees.

The case is remanded to the District Court for further findings on the status of the trust fund property and the debts to Sandy Malquist's mother. No costs to either party.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices