
DA 12-0419

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 104N

IN RE THE MARRIAGE OF
JULIA FENWICK,

      Petitioner and Appellee,

  and

DAVID FENWICK,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DR 09-98
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        David Fenwick (self-represented), Butte, Montana

      For Appellee:

        Palmer A. Hoovestal, Hoovestal Law Firm, Helena, Montana

Submitted on Briefs:  March 27, 2013
Decided:  April 16, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      The parties were married in 1986 and have three children, who are emancipated. David appeals from the District Court's decree of dissolution and property division entered June 6, 2012. We affirm.

¶3      David contends that the District Court erred by not including property in a family trust in the marital estate, by failing to equitably distribute the marital assets, and by failing to require Julia to provide a final declaration of disclosure.

¶4      The parties established the Fenwick and Sons Family Trust to provide an inheritance for their children, with Julia and her mother as co-trustees. The Trust assets include several parcels of real property as well as some cash contributed by Julia's grandmother and personal property. Julia retains a life estate in one of the houses. David contends that the Trust is revocable and that therefore the assets should be attributed to Julia in the property division. There is substantial evidence in the testimonial record that the Trust is independent and irrevocable. The Trust's current terms were negotiated by David and his attorney, with Julia's attorney. Changes in the Trust documents were implemented during the course of this proceeding to address David's concerns about these same issues. The District Court

2

determined that the Trust is a valid and independent trust and ordered that the Trust assets "shall remain within the family trust" subject to its terms and conditions.

¶5 The issue of whether trust assets are marital property depends upon the circumstances of the trust, including whether it is revocable, whether it is for the present or future benefit of the beneficiaries, and whether the intent to create the trust is clearly ascertainable. *In re the Marriage of Malquist*, 227 Mont. 413, 415, 739 P.2d 482, 484 (1987). In a proceeding for dissolution of marriage the District Court is in the best position to hear the evidence, weigh the testimony, and exercise discretion on the issue of the disposition of a trust. *In re Marriage of Epperson*, 2005 MT 46, ¶ 23, 326 Mont. 142, 107 P.3d 1268. The District Court did not abuse its discretion by refusing to attribute the Trust's assets to Julia.

¶6 David also contends that the District Court erred in the division of the parties' marital property. Pursuant to § 40-4-202, MCA, a district court has broad discretion to distribute marital property equitably according to the circumstances. This Court will affirm a district court's decision dividing marital property unless the findings are clearly erroneous or there has been an abuse of discretion. *In re Marriage of Gerhart*, 2003 MT 292, ¶¶ 15-16, 318 Mont. 94, 78 P.3d 1219.

¶7 The District Court listed each parcel of real property included in the marital estate, found that there were no mortgages on any of them, and awarded all of the parcels except one to David. The District Court awarded each party the personal property and household items then in their possession and made each party responsible for the marital debts then in

3

each party's name. This included a $600,000 deficiency judgment against Julia arising from property in Idaho, and back tax obligations on the one piece of real property awarded to her.

¶8 David has not demonstrated that the District Court's findings were clearly erroneous, nor has he demonstrated that the District Court abused its discretion in dividing the marital property.

¶9 David contends that Julia did not make a full financial disclosure during the dissolution proceedings and that the District Court erred by proceeding without such a disclosure. The District Court specifically concluded that the parties had fully disclosed their assets, income, and expenses, and that they had waived any further disclosures pursuant to § 40-4-253, MCA. That statute requires each party to serve a final declaration of income, expenses, and assets prior to trial. There is no provision for waiving the disclosures required by that statute. The District Court's conclusion that the parties had waived further financial disclosures must be read in the context of the fact that the District Court also concluded that both parties had made full disclosures.

¶10 David does not contend that he requested any further disclosures from Julia and does not describe any disclosures that she failed to make. Therefore, we conclude that David cannot now on appeal contend that the District Court erred in not requiring further disclosures that he did not request below.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's

4

factual findings are supported by substantial evidence and there was clearly not an abuse of discretion.

¶12    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE