No. 85-343

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF
SHERRY L. BENNER,

        Petitioner and Respondent,

   and

JAMES M. BENNER,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Work Law Firm; Thomas J. Stusek, Billings, Montana
        Robert Heilig, Billings, Montana

    For Respondent:

        James J. Sinclair, Billings, Montana

_____

Submitted on Briefs: Oct. 10, 1985

Decided: December 30, 1985

Filed DEC 30 1985

_____
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Appeal is from the judgment of the Thirteenth Judicial District Court in the dissolution of the marriage between James and Sherry Benner. Respondent James Benner appeals the property distribution, child custody determination, and amount of child support awarded to petitioner Sherry Benner.

The parties were married on August 25, 1979, in Red Lodge, Montana. One child, Angela, was born of the marriage on September 21, 1982. For the past few years, Sherry has worked as a secretary/office manager for the Soil Conservation Service of the United States Department of Agriculture. She currently earns $16,718.00 per year, with monthly take home pay of $1,042.75. James is employed with the Federal Aviation Administration at a yearly salary of approximately $24,700.00 with monthly take home pay of $1,501.50.

Prior to the final hearing, James and Sherry each filed affidavits with the court listing their necessary monthly expenses and itemized valuation of the marital estate. A child custody recommendation was prepared by the domestic relations worker assigned to the case and filed with the court.

Both James and Sherry testified at the final hearing. The transcript shows there was no testimony offered as to the fitness of either parent to receive custody of the child. Sherry did testify that she recently moved to Bozeman, and the child frequently visits James' relatives who live nearby. James requested that he be awarded joint legal custody of the child. Neither party testified about their monthly expenses, and the property distribution testimony was primarily limited to a dispute over an IRS obligation.

2

The trial judge found the marital estate to consist of the following:

ASSETS

| | |
|---|---:|
| House in Billings | $ 55,000.00 |
| Rifles | 3,000.00 |
| Yard Appliances | 75.00 |
| IRA | 2,000.00 |
| Texture Machine | 5,000.00 |
| 1970 Ford pickup | 300.00 |
| 1977 Ford pickup | 1,800.00 |
| 1971 trailer | 3,000.00 |
| Miscellaneous tools | 1,500.00 |
| Household furnishings | 1,000.00 |
| 1960 boat | 300.00 |
| 1964 Cibatria Airplane | 7,200.00 |
| House in Bozeman | 59,000.00 |
| Two Municipal Bonds @ $5,000.00/ea. | 10,000.00 |
| TOTAL ASSETS | $149,175.00 |

LIABILITIES

| | |
|---|---:|
| First Citizens Bank, Billings | $ 17,000.00 |
| Laurel Credit Union | 4,500.00 |
| Miles City Credit Union | 16,000.00 |
| School Loan | 82.24 |
| Medical Bills | 1,583.95 |
| Montagues | 145.30 |
| Billings Gazette | 9.75 |
| Hart Albins | 112.62 |
| ERA | 189.00 |
| Loan on house in Bozeman | 47,000.00 |
| TOTAL LIABILITY | $ 86,735.48 |
| NET WORTH | $ 62,439.52 |

Finding of Facts XVI and XVII

We note that the trial judge erred in the amount of $112.62 concerning the total liabilities of the parties. However, since neither party raised the calculations on appeal, we do not disturb Finding of Fact XVII.

Sherry was awarded the house in Bozeman, one of the $5,000.00 bonds, and a 1981 Ford. She also assumed responsibility for the mortgage on the house, the balance of the payment on the 1981 Ford, and a personal credit union loan of $2,500.00. The balance of the assets and liabilities was set over to James. The medical bills were to be divided according to which party incurred the expense, or to be split evenly if incurred by the child.

3

Custody of the child was granted to Sherry, with James entitled to visitation upon reasonable notice whenever he elects to go to Bozeman. Additionally, James is entitled to one day of visitation whenever Sherry is in Billings seeing her family.

Child support was set at $350.00 per month. The trial judge found the monthly expenses of the child to be $640.00, and that such sum was reasonable. The monthly support award was arrived at through application of the criteria listed in § 40-4-204, MCA, and the formula announced by this Court in Carlson v. Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. The trial judge also noted James was $2,743.30 in arrears for child support from a previous marriage, and ordered that James execute an assignment of his wage in the amount of $350.00 monthly to be paid directly to Sherry.

On appeal, James raises the following issues:

1. Whether the trial court abused its discretion in ordering a child support payment of $350.00 per month.

2. Whether the trial court abused its discretion in ordering a property division which granted to Sherry a certain $5,000.00 municipal bond which had been purchased by James.

3. Whether James was entitled to joint custody of the minor child.

4. Whether the trial court abused its discretion under the facts of this case in ordering James to make an assignment of a part of his periodic earnings to satisfy the child support obligation.

5. Whether the trial court erred in permitting Sherry to retain certain items of personal property "presently in her possession" when, in fact, such items either belonged to

4

James or constituted marital property which was properly subject to the court's review and division.

6. Whether the trial court relied too heavily on the proposed findings of fact and conclusions of law submitted by Sherry to the exclusion of consideration of all the facts and exercise of its own judgment.

James asserts the trial court abused its discretion in ordering a child support payment of $350.00 per month for the following reasons: insufficient consideration given to Sherry's financial resources; allowing Sherry to include car payments as a necessary monthly expense while his monthly installment obligations were not taken into consideration; undue and unconscionable amounts were attributed to the child as necessary monthly expenses.

Looking to the financial resources of Sherry, we find nothing in the record to support James' contentions that Sherry kept her finances separate and had her own sources of income. Concerning the necessary monthly expenses, we note that there was no examination of the parties at trial on this issue, and that the figures adopted by the trial court in its findings of fact are identical to those submitted in the parties' affidavits and proposed findings. We find that the trial court gave proper consideration to the factors listed in § 40-4-204, MCA, in making its child support determination. We will not disturb the District Court's findings on appeal unless the record shows a clear abuse of discretion. In re Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361.

In awarding to Sherry one of the $5,000.00 bonds purchased by James, the trial judge reasoned that Sherry had worked during the marriage and contributed as a housewife, and that such division of the bonds was equitable. We find

5

this to be a fair distribution of property under § 40-4-202, MCA.

James argues he was entitled to joint custody of the minor child. We do not agree. The only substantial evidence before the Court on the issue of child custody was the report prepared by the domestic relations worker assigned to the case, and it recommended that sole custody be given to Sherry. James presented no evidence to refute such a recommendation. The trial judge looked to the best interests of the child, as required by § 40-4-212, MCA, and entered the reasons joint custody was not awarded pursuant to § 40-4-224(1), MCA. The record clearly supports the child custody determination.

The next issue we address is whether the trial court was correct in requiring James to make an assignment of part of his monthly wage to meet the child support obligation. The trial judge ordered the assignment in this case because James has a history of not paying child support. Section 40-4-207, MCA, gives the trial court power to order a wage assignment for child support purposes. In view of James' arrearages from his previous marriage, we find no abuse of discretion by the trial judge in ordering the wage assignment.

The trial court determined that Sherry should retain the personal property presently in her possession. James asserts that Sherry has several belongings of his, which she wrongfully removed from his house. There is no evidence in the record supporting this allegation and we uphold the trial court determination.

Finally, we find no error in the trial court's reliance on the findings of fact and conclusions of law submitted by Sherry's counsel. The test applied by this Court in the past is whether the proposed findings of fact are sufficiently

6

comprehensive and pertinent to the issues to provide a basis for decision and whether they are supported by the evidence presented. Jensen v. Jensen (Mont. 1981), 631 P.2d 700, 703, 38 St.Rep. 1109, 1113. In this case, the findings submitted by Sherry's counsel were conclusive and supported by the evidence in the record, while those submitted by James' counsel were lacking in many respects. There is no evidence in the record which would lead us to believe the trial court erred in adopting the findings of fact and conclusions of law prepared by Sherry's counsel.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7