No. 85-516

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF

JANET LYNN PURKETT,

       Petitioner and Respondent,

   and

RODNEY NEIL PURKETT,

       Respondent and Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Fausto G. Turrin, Great Falls, Montana

    For Respondent:

        Hilley & Loring; Emilie Loring, Great Falls,
Montana

_____

Submitted on Briefs: March 6, 1986

Decided: July 8, 1986

Filed: JUL 8 - 1986

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Rodney Neil Purkett, the father, appeals an order of the Cascade County District Court increasing his child support payments to $250 per month for each of two children. On appeal, he raises issues concerning the District Court's procedure at the hearing, visitation, increased child support and the property settlement agreement. We affirm.

The father and Janet Lynn Purkett, the mother, divorced in May 1983. The mother was awarded custody of the two children with reasonable visitation to the father. At the time, the mother and father were both employed full time and the mother was awarded child support of $150 per month, per child.

In February 1985 the mother requested an increase in child support alleging a change in circumstances so substantial and continuing as to make the original payment unconscionable. She had lost her job and was unable to find another position. In order to prepare for a career which would permit her to support the children, she enrolled in college. She had earned $2,400 in 1984 from part-time employment. The father's earnings in 1984 were between $29,600 and $29,800.

The father responded by alleging the mother failed to comply with the property settlement agreement made in 1982, failed to allow him reasonable visitation and made statements to the children in an effort to estrange them from him. He asked that she be held in contempt. Both parties requested costs and attorney's fees.

The District Court held a hearing on April 29, 1985 on the motions made by the parties. The judge conducted the

2

hearing in his chambers with the parties, their counsel, a deputy clerk of court and a court reporter present. After asking about the purpose of the hearing, the judge briefly questioned both parties about what issues were raised and then swore them in to testify. The questioning of the parties was conducted by the judge rather than counsel. He refused to hear testimony of a claimed vocational expert on potential jobs for the mother, offered by the father. Neither party objected to the hearing being held in chambers, the manner of examination or the refusal to hear testimony.

After the hearing, the parties unsuccessfully attempted to reach a compromise on the issues. On July 15, 1985, the mother submitted proposed findings of fact, conclusions of law and order. The father offered none. The District Court adopted the mother's proposed findings, conclusions and order verbatim. The mother was found not to be in contempt concerning the claimed visitation restrictions and the argument over the property settlement agreement. The District Court found a lack of substantial evidence that she had attempted to estrange the children from their father. The father was ordered to pay the increased child support with the mother retaining custody and the father retaining liberal visitation. Each party was responsible for their own costs and attorney's fees. The order was in accord with the District Court's verbal instructions at the hearing.

The father appeals this order raising three issues:

(1) Did the District Court violate the father's right to due process by holding the hearing in chambers, questioning the parties and refusing offered evidence?

3

(2) Do the findings of fact on the need for increased child support and the failure to make findings of fact on the visitation dispute constitute clear error?

(3) Did the District Court err by concluding there was not substantial evidence of noncompliance with the property settlement agreement?

In the first issue the father argues that he did not object to the procedural improprieties because to do so would have been fruitless and that counsel for the father did not want to alienate the judge, even though he felt the procedure used constituted plain error. He urges this Court to address the issue because this amounted to a failure to receive a fair and impartial judge thus affecting his substantial rights. Rule 103(d), M.R.Evid., permits this Court to take "notice of plain errors affecting substantial rights although they were not brought to the attention of the court." In Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169, a marriage dissolution proceeding, the trial judge discontinued the trial after the wife testified but before the husband presented his case. Neither party objected and the trial was never reconvened. This Court adopted the plain error doctrine permitting a reviewing court to consider whether a trial court deprived a litigant of a fair and impartial trial, even though no objection had been made. However,

> [t]he Montana Commission on Rules of Evidence has emphasized that the plain error doctrine "will be used in exceptional cases and should not be relied upon by counsel." Commission Comments, Rule 103(d) Mont.R.Evid. (1977). Indeed, in Halldorson, supra, we held that "the [plain error] exception will not be applied where the failure or refusal to raise the issue in the trial court was conscious and intentional on

4

the part of trial counsel." 175 Mont. at 174, 573 P.2d at 172.

Reno v. Erickstein (Mont. 1984), 679 P.2d 1204, 1207, 41 St.Rep. 537, 540. Here, counsel for the father decided as a matter of "trial tactics" to not object in order to avoid alienating the judge. This was a conscious and intentional choice on his part. As such, the plain error exception will not be applied. "It has long been the rule of this Court that on appeal we will not put a District Court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection." (Citations omitted.) Green v. Green (1978), 176 Mont. 532, 536, 579 P.2d 1235, 1237. We hold that the father's voluntary participation in the procedures of which he now complains and the intentional choice to not object precludes this Court's review of this issue.

In the second issue the father argues that no findings were made on the question of visitation and that the record does not support the findings on increased child support. The District Court addressed the visitation issue by finding the father had been awarded reasonable visitation and noting he alleged the mother had not permitted the visitation and she had made efforts to estrange the children from him. The District Court concluded that there was a lack of substantial evidence that the mother had attempted or caused any estrangement. In a discussion, the District Court cautioned the parties against disparaging one another in front of the children and encouraged liberal visitation. Finally, the District Court stated in its order that the father retained liberal visitation. We find no merit in the father's contention that the question of visitation was not addressed.

5

Section 40-4-208(2)(b), MCA, states the requirements for modifying child support:

> Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made:
>
> (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable.

The standard of review is whether a district court abused its discretion in modifying the amount of child support. In re the Marriage of Firman (Mont. 1980), 610 P.2d 178, 37 St.Rep. 888. The father must show that "the facts clearly preponderate against the District Court's ruling to gain reversal." (Citation omitted.) In re Marriage of McNeff (Mont. 1983), 673 P.2d 473, 475, 40 St.Rep. 2050, 2051. In McNeff, this Court held that the mother's loss of her job was a sufficient change in circumstances to make the original amount of support unconscionable. There, this Court considered the relative needs and abilities of the parties and "how close to this balance the present arrangement is." McNeff, 673 P.2d at 475, 40 St.Rep. at 2052.

In the case at bar, the record and findings both reflect the following: (1) the mother requested an increase in child support after she lost her full-time job; (2) she was unable to find other full-time employment and enrolled in college to prepare for a career which would enable her to support the children; (3) in 1984, she earned $2,400 from employment; and (4) the father puts a substantial portion of his income into savings and tithing to his church. The findings also noted that by using the parties' 1984 income from their W-2 forms and applying the formula developed in Carlson v. Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep.

6

2419, the father's total child support would be about $514 per month. When these figures were discussed at the hearing the father did not challenge the figures used or the result of applying the Carlson formula. The mother's loss of her job was a sufficient change in circumstances to justify raising child support. The findings are based on the standards of § 40-4-208(2)(b), MCA, and are in accord with the decision in McNeff, supra. We hold that the District Court did not err by increasing the amount of child support.

The father also objects to the District Court's verbatim adoption of the mother's proposed findings and conclusions. We continue to disapprove of the wholesale adoption of proposed findings submitted by a party. See In re Marriage of Jensen (Mont. 1981), 631 P.2d 700, 703, 38 St.Rep. 1109, 1113. However, such adoption is not error per se. Here, as in In re Marriage of Benner (Mont. 1985), 711 P.2d 802, 805, 42 St.Rep. 1943, 1947, the proposed findings are "sufficiently comprehensive and pertinent to the issues to provide a basis for decision and . . . are supported by the evidence presented." We will not reverse on this basis.

The father claimed below that the mother failed to comply with the property settlement agreement. His third issue on appeal is whether the District Court erred by concluding substantial evidence did not support this claim. This Court will not disturb the findings and conclusions of a district court if they are supported by substantial, credible evidence. In re Marriage of Sarsfield (Mont. 1983), 695 P.2d 473, 40 St.Rep. 1736. The evidence is viewed in light favorable to the prevailing party. Lacey v. Herndon (Mont. 1983), 668 P.2d 251, 40 St.Rep. 1375. Here, the father argued that the mother sold tools which were his under the

7

terms of the property settlement agreement. The District Court noted that the decree did not itemize the tools. The mother testified that, after an argument over other personal property, she told the father to take all of his things from the house so that he would not blame her for any further missing items. She stated that he took "every imaginable tool." She then sold an air compressor that remained at the house. The father sought to have the mother held in contempt, claiming she sold a ladder, a wheel barrow, and an air compressor which were tools awarded to him in the property settlement agreement. At trial he admitted taking all the tools he could find from the house. The District Court concluded that this evidence showed the father took all the personal property he wanted and that there was a lack of substantial evidence showing any noncompliance with the property settlement agreement. Viewing the evidence in a light favorable to the mother, we hold that the District Court's findings and conclusions are supported by substantial credible evidence.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
        Justices