No. 88-219

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
VICKIE LYNN LARSON,

        Petitioner and Respondent,

   and

LONNIE EINAR LARSON,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lonnie E. Larson, pro se, Helena, Montana

    For Respondent:

        Dowling Law Firm; Thomas F. Dowling, Helena, Montana

---

Submitted on Briefs:  Aug. 26, 1988

Decided:  October 31, 1988

Filed

FILED '88 OCT 31 PM 1 26

CLERK MONTANA SUPREME COURT

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Lonnie Einar Larson, acting without counsel, appeals from the judgment of marital dissolution, property settlement, and child support entered by the District Court, First Judicial District, Lewis and Clark County, in the dissolution of his marriage from Vickie Lynn Larson. We affirm the District Court judgment on all counts and remand the case to the District Court for determination of proper attorney fees to be awarded respondent on appeal.

Lonnie and Vickie Larson were married on November 10, 1983. No children were born of the marriage but Vickie is the mother of a girl who will be 16 years old on December 26, 1988. During the course of the marriage, Lonnie adopted the girl on March 15, 1984.

The decree of marital dissolution was entered on January 26, 1988. The District Court divided the marital property and ordered Lonnie to pay Vickie $185 per month as child support for the minor girl, to terminate when she reaches the age of 18, marries, or is otherwise emancipated. Husband was awarded reasonable rights of visitation, and wife was awarded sole custody.

In this case, husband has discharged two attorneys during the course of the civil action, and on appeal, represents himself. His objections on appeal against the judgment are not well articulated. His brief does not include a statement of the issues for review, as required by Rule 23(a)(2), M.R.App.Civ.P. Because he is without counsel, we are not insisting on the formal clarity ordinarily reserved for briefs filed by lawyers. In our examination of his contentions, we find him objecting principally to the

division of the marital estate, and to the award of child support.

We look first at the marital property division. The District Court awarded the wife the following:

(a) A 1986 Honda Accord

(b) Her public employment retirement system benefits, her deferred compensation ($918) and an IRA account ($2,000)

(c) All personal property presently in her possession with the exception of the Ashley wall unit, 2 brass end-tables and two lamps

The District Court award of marital property to the husband included:

(a) A 1985 Honda Prelude

(b) His public employment retirement system benefits, his deferred compensation (not spelled out in the findings, but from the transcript, in excess of $5,000) and his IRA's ($4,000)

(c) Personal property presently in his possession plus the Ashley wall unit, 2 brass end-tables and two lamps

The court provided each of the parties would be responsible for debts incurred by him or her after the date of separation. Husband was charged with paying the balance owing on the MasterCard bill (not specified) and the loan at the State Capital Employees Credit Union.

In his brief, husband argues that he brought into the marriage assets of $52,118.75 or 97% as compared with the wife's $1,025.00 or 3% of the marital assets. During the course of their marriage, they bought a home and sold it and applied the profits to pay outstanding bills and to pay for the two automobiles. Husband also had other property which was sold during the marriage. Some of the personal property apparently had been used by him for business purposes.

Husband's brief does not suggest in what way the division of the property by the District Court should be revised or modified by us. From the modest amount of personal property divided and the apparent effort of the District Court to make certain that each of the parties had an automobile, the retirement benefits owned by each through their employments, and their own personal property, one can find little or no basis to state that the District Court abused its discretion in dividing the personal property, regardless of which party brought the greater amount of property into the marriage. In Brown v. Brown (1978), 179 Mont. 417, 587 P.2d 361, we stated that the standard for reviewing a property division in a marital dissolution decree is that the apportionment made will stand unless there has been a clear abuse of discretion as manifested by a substantially inequitable division of the marital assets resulting in substantial injustice. We have followed that standard fairly consistently. Applying that standard of review to this case, we find a complete lack of any reason to reverse or modify the District Court's division of the marital property.

With regard to child support, the District Court determined that the husband should pay the wife $185 per month as child support for the minor girl. Husband's principal objection to the payment of the child support seems to be that the wife induced him to adopt the minor child, knowing that she would eventually seek a divorce from him. In this way, husband implies he was "fraudulently" led into a support duty for the minor child. Nothing in the transcript supports this innuendo. Under § 40-8-125, MCA, after a final decree of adoption is entered, the relation of parent and child, and all the rights, duties and other legal consequences of the natural relation of child and parent

- 4 -

exists between the adopted child and the adoptive parent. A marital dissolution action is no place for a collateral attack upon an adoption.

When a final child support award is attacked on appeal, the standard of review is whether an abuse of discretion has occurred which results in substantial injustice. Brown v. Brown, supra; In Re Marriage of Benner (1985), 711 P.2d 802, 42 St.Rep. 1943.

The task of the District Court in this case to determine the amount of the husband's net income available for child support was made difficult by the deductions that the husband took for deferred compensation and a credit union. The court noted, for example, that his pay slip for the two-week pay period, ending November 20, 1987, showed a net income for that period of only $135.76, and a year-to-date income of $2,382.14. Yet his year-to-date gross income for that period was $14,559.00 and his gross income for the two-week period was $614.00. It appears that husband had deducted a considerable amount for deferred compensation and the credit union. He also had extra money withheld for his taxes. The court found that the amount of his paycheck was misleading in helping in any determination of net income available for child support. The court did take into consideration various factors and determined that husband had available for purposes of child support an income of $865.00 per month from his employment from the State of Montana. He had in addition a monthly income of $395.00 from a corporate liquidation, which will run far beyond the period of his child support payments.

Wife, on the other hand, is an employee of the State of Montana, who has a net annual income for child support purposes of $10,459.00. Her take-home pay is $402.30 for each two-week pay period. In addition, she has done

part-time work as a hostess at a local restaurant, and had some minor income for modeling.

The evidence shows the child's support needs amounted to $300.00 per month, of which husband was ordered to pay $185.00 or 61.7 percent. In view of their available incomes for child support purposes, the amount awarded by the court is well within the child support guidelines promulgated by this Court for such cases, effective January 13, 1986 (cause no. 86-223). We find no abuse of discretion in the amount of child support awarded.

Husband further claims that in this case he is entitled to attorney fees of $2,000.00. Our determination is that attorney fees should be awarded the other way, in favor of wife. Husband's appeal is obviously trifling, without substantial basis, and perhaps mean-spirited. We are satisfied from the record and the presentation of the appeal in this civil case that the same was taken without substantial or reasonable grounds, and merits an award of damages under Rule 32, to the other party, in the form of her counsel fees incurred in this appeal.

Accordingly, we affirm the judgment and decree of the District Court, and remand this cause to the District Court for the further purpose of determining proper attorney fees on appeal to be awarded to Vickie Lynn Larson, in addition to her ordinary costs of appeal.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

- 6 -

L.C. Gulbrandson

J.C. McEwen
_____
Justices