No. 92-012

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

IN RE THE MARRIAGE OF

KRISTIE HALSE WALTER,

        Petitioner and Respondent,

  and

CHARLES EDWARD WALTER,

        Respondent and Appellant.

---

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           J. Robert Planalp, Landoe, Brown, Planalp & Braaksma, Bozeman, Montana

      For Respondent:

           Marcelle Quist, Quist Law Office, Bozeman, Montana

FILED

AUG 6 - 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: July 9, 1992

Decided: August 6, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a judgment of the Eighteenth Judicial District, Gallatin County. The District Court found Charles Edward Walter (Edward), in contempt for failure to meet his obligations under a decree of dissolution, increased child support payments and ordered Edward pay Kristie Halse Walter (Kristie), $4,116.16. We affirm.

The issues for review are:

1. Did the District Court err by adopting verbatim the proposed findings of facts and conclusions of law submitted by Kristie?

2. Does the evidence support an increase in child support?

3. Does the evidence support the District Court's findings in regard to insurance premiums and medical bills allegedly owed by Edward?

Kristie and Edward were divorced February 11, 1987. There is one minor child, Cole, born of their marriage. Pursuant to the decree of dissolution Edward was required to provide $400.00 per month in child support payments, provide health insurance for Cole and pay medical expenses incurred by Cole, and pay health insurance premiums for Kristie every other month. The decree specifically states that Edward's obligations would continue until "further order of the court".

Kristie initiated this action by filing a motion requesting the court order Edward to pay all of Kristie's insurance premiums from December 1990, until June of 1992; further requesting that

2

Edward be ordered to pay for past medical expenses incurred by Cole; and lastly to order Edward to pay child support according to the mandatory child support guidelines. Thereafter, Edward filed a motion alleging a change in circumstances justifying lower child support payments. Edward further requested the court eliminate his duty to pay Kristie's health insurance premiums, order Kristie to share Cole's medical expenses and to define periods of visitation.

The District Court found Edward in contempt of court for failure to pay medical expenses for Cole, Kristie's health insurance premiums, and back child support. Furthermore, the court adopted the mandatory guidelines for child support and increased Edward's child support payments to $586.75 per month.

I.

Edward argues that the District Court erred by adopting, verbatim, Kristie's proposed findings of fact and conclusions of law. Rule 52(a), M.R.Civ.P., allows the court to require parties to submit proposed findings and conclusions for the court's consideration. The last sentence of Rule 52(a), M.R.Civ.P. provides:

> ... the court may adopt any such proposed findings or conclusions so long as they are supported by the evidence and law of the case.

We have disapproved and continue to disapprove of the verbatim adoption of proposed findings of fact or conclusions of law. See Marriage of Purkett (1986), 222 Mont. 225, 721 P.2d 349. However, such adoption is not error per se. Purkett at 229, 721 P.2d at 352. The test applied to determine if a district court's use of

3

proposed findings of fact and conclusions of law is proper is whether or not the proposed findings are "sufficiently comprehensive and pertinent to the issues to provide a basis for decision and . . . are supported by the evidence presented". Purkett at 230, 721 P.2d at 352; following In re Marriage of Benner (1985), 219 Mont. 188, 711 P.2d 802. Applying the above standard to the instant case, we conclude the District Court did not err by adopting Kristie's proposed findings and conclusions.

## II.

Edward argues that the evidence presented does not support an increase in child support payments. Edward asserts the court erred first in its calculation of Kristie's net income; second, by omitting expenses Edward was entitled to deduct from his net income; and third, by considering allegedly unsupported facts regarding the value of Edward's business. Section 40-4-204(3)(a), MCA, mandates that when a court issues or modifies an order concerning child support, the uniform child support guidelines adopted pursuant to § 40-5-209, MCA, are to be applied.

Under the guidelines, gross income for each obligor parent is to be computed so to include all income from whatever sources. Uniform District Court Rule on Child Support Guidelines (1987), 227 Mont. 1, 5. The District Court determined Kristie's annual earnings from her business to be $7,643.00 and her gross income to be $19,907.00 per year. Edward argues that the record reflects business earnings of over $4,000 per quarter and on that basis a gross annual income of $28,901. We disagree.

4

The quarterly report on which Edward relies fails to include a one time deduction such as depreciation which was recognized by the court and added separately to Kristie's imputed income. Kristie testified that her earnings from the business, in each of the previous two years, was approximately $7,000. We do not find there to be a substantial conflict in the evidence presented regarding Kristie's earnings from her business. We conclude the evidence presented supports the court's finding regarding Kristie's business income.

Next, Edward argues that the court erred because it failed to deduct approximately $12,000 per year from his gross income that he puts back into his business. However, Edward testified that the money is returned to the business for tax purposes. Furthermore, it appears from his testimony that money he lends back to the business receives interest income. These loans back to the business are in fact an investment decision and are clearly part of Edward's disposable income. We therefore conclude that these sums were appropriately included in computing his gross income.

Lastly, Edward argues that the court made a finding regarding the value of his business that is unsubstantiated by the evidence presented. The District Court noted in its conclusions of law that a determination of the net worth or asset ownership was not necessary to determine appropriate child support in this matter. We are uncertain, as apparently is Edward, as to why the court made a finding of fact regarding the value of Edward's business when it ultimately found such a finding to be unnecessary. However, we

5

agree that such a determination is unnecessary in the instant case and find no prejudice to Edward as a result of the court's finding.

## III.

The final issue involves what appears to be a mathematical error regarding the computation of what is owed Kristie for missed insurance payments. Kristie concedes that a math error exists. The District Court concluded that Edward was obligated to pay $632.16 in missed insurance payments for the period from December 1990, to April, 1991. On the basis of the $79.02 per month premium that the court determined to be appropriate during this period, the total payments for alternate months during the specified period should be $237.06. We conclude the District Court made a mathematical error and the judgment is amended to so reflect. Kristie shall be entitled to recover a total of $3,721.06 rather than the $4,116.16 awarded by the court. Except as noted above the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____

_____
Karla M. Gray

_____
William E. Hunt

_____
Justices