NO. 94-046

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

TERRY L. HILL,

  Joint-Petitioner and Appellant,

 and

RONALD S. HILL,

  Joint-Petitioner and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Don M. Hayes, Herndon, **Hartman,** Sweeney
& Halverson, Billings, Montana

  For Respondent:

    James Robert Graves, Oliver, Graves
& Toennis, Billings, Montana

Submitted on Briefs: April 7, 1994

Decided: May 3, 1994

Filed:

FILED

MAY 03 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Appellant Terry L. Hill petitioned the District Court for the Thirteenth Judicial District in Yellowstone County for a modification of the child custody and support provisions of the parties' May 22, 1990, settlement agreement and decree of dissolution.  Prior to the hearing, the parties stipulated to future child custody arrangements and support obligations.  The District Court approved the oral stipulation of the parties with regard to future child support, but refused to award Terry child support retroactive to the date of the petition for modification.  Terry appeals.  We affirm in part, reverse in part, and remand for further proceedings.

The following issues are raised on appeal:

1.  Did the District Court abuse its discretion when it ordered child support in accordance with the oral stipulation entered into by the parties on August 30, 1993?

2.  Did the District Court abuse its discretion when it refused to award child support retroactive to the date the petition for modification was filed?

3.  Should the District Court have awarded attorney fees to Terry pursuant to the parties' settlement agreement and dissolution decree?

The parties' marriage was dissolved on May 22, 1990.  The final decree incorporated a child custody and property settlement agreement entered into by the parties on April 16, 1990.  At the

2

time of dissolution, Terry and Ronald had two minor children, Brendon, age 10, and Coulter, age 8.

The original decree provided for joint custody, made Terry primary residential custodian, and required Ronald to pay child support in the amount of $200 per child per month. After the dissolution, the residential status of the children changed on several occasions. Thereafter, the parties stipulated to a modification of the custody and support provisions of the original agreement. The stipulation provided that Ronald would be the primary physical custodian of both children and would receive $33 per child per month for support from Terry. The stipulation also provided that Ronald would pay to Terry the sum of $1800 as "full and final payment of all child support owed to her through October of 1992." That stipulation was adopted by order of the court dated November 12, 1992.

Circumstances changed again, and both minor children returned to live with Terry. On January 29, 1993, Terry filed a petition for modification of custody in which she requested that Ronald be ordered to pay child support in the amount set forth in the original decree or in the amount necessary to comply with the child support guidelines. Although the parties attempted to reach an agreement subsequent to the date on which the petition was filed, they were unable to resolve their differences regarding child support obligations. Therefore, the matter was set for hearing on August 30, 1993.

Brendon and Coulter continued to reside with Terry until June 1993, and then began to split their time between the two residences. They continued this arrangement throughout the summer months. No child support payments were made by either party subsequent to the date of the petition.

The parties eventually agreed on a custody arrangement for their sons which left two issues to be resolved at the hearing: (1) future support obligations, and (2) whether Terry was entitled to support retroactive to the date the petition was filed. Prior to the hearing, each party submitted child support calculation worksheets utilizing real and imputed income figures for the court's determination of the parties' appropriate child support obligations.

On the date of the scheduled hearing, following a conference with the District Court Judge, the parties agreed to base child support calculations on their average incomes for the previous three years. Utilizing calculations that Terry's attorney had prepared based on three-year income averages, the parties, in open court, accepted those calculations and stipulated to the amount of child support which resulted from those calculations. Ronald's counsel was instructed to reduce the stipulation to writing following the hearing. The court then heard testimony on the issue of retroactive support.

Subsequent to the hearing, Terry refused to sign the stipulation prepared by Ronald's counsel, based on her contention

4

that the calculations originally prepared by her attorney were incorrect. On September 23, 1993, Terry submitted amended calculations which she requested the court to use in its determination of child support obligations. She alleged that the initial support calculations were neither in accordance with the child support guidelines nor the stipulation of the parties because an erroneous three-year income average for Ronald was used.

The District Court issued its findings of fact and conclusions of law on November 10, 1993, and issued an amended order on November 15, 1993. The court rejected the recalculations of child support that had been requested by Terry, and adopted the figures agreed upon prior to the hearing. In pertinent part, the court stated the following in its amended order:

> On August 30th, 1993, the above-named parties, with counsel, appeared before this court, whereupon, the parties entered into a stipulation for future child support. Counsel for Ronald S. Hill was to reduce the stipulation to writing, which he did, and forwarded the proposed stipulation and order to counsel for Terry L. Hill on September 1, 1993. After some delay, counsel for Terry advised that she did not agree with the stipulation. . . . It appeared that there was a disagreement with the stipulation and order as prepared by counsel for Ronald S. Hill. Accordingly, the court obtained a transcript of the stipulation by the parties and notes that the stipulation as prepared by counsel for Ronald S. Hill conforms to the stipulation made on the record. The court also notes that each party was asked by the court if the stipulation was agreeable with them; each answered in the affirmative. The court then advised the parties that, "it is a done deal as of now." Accordingly, said stipulation is incorporated in this order as follows:
>
> . . . .

5

4. When Ronald S. Hill (herein Ronald) has residential custody of one child, and Terry L. [Hill] Whitten (herein Terry) has residential custody of one child, Ronald shall pay Terry the sum of $100 per month in child support.

5. When Terry has residential custody of both children, Ronald shall pay Terry the sum of $400 per month in child support.

6. When Ronald has residential custody of both children, Terry shall pay Ronald the sum of $146 per month is child support.

Further, the court denied Terry's request for child support retroactive to the date notice was given of the motion to modify. In its order, the court took into consideration the allegations raised by Ronald that even though he had paid $1800 previously by stipulation, he had not actually owed that amount of past child support. However, during the trial when evidence was adduced concerning that earlier stipulation, the court had stated that any dispute about the previous amount of past due child support had been resolved by stipulation, was *resjudicata*, and would not be considered by the court.

Terry filed combined motions requesting the court to amend its findings and to grant a new trial. The bases for these motions were that the court's determination of child support was erroneous and was not in accordance with the child support guidelines, and the court's denial of retroactive child support was based upon evidence which it had specifically rejected during the hearing. By order dated December 16, 1993, Terry's motions were denied. From

6

the court's findings, conclusions and order, and the denial of her post-trial motions, Terry appeals.

## ISSUE 1

Did the District Court abuse its discretion when it ordered child support in accordance with the oral stipulation entered into by the parties on August 30, 1993?

The standard of review for modification of a child support award is whether the district court abused its discretion. *In re Marriage of D.F.D. and D.G.D.* (1993), 261 Mont. 186, 203, 862 P.2d 368, 378; *In re Marriage of Purkett* (1986), 222 Mont. 225, 229, 721 P.2d 349, 351. Whenever a court modifies an order concerning child support, the court must apply the uniform child support guidelines adopted by the Department of Social and Rehabilitation Services. Section 40-4-204(3)(a), MCA (1991).

In this instance, during a prehearing conference with the presiding judge, the parties stipulated to respective child support obligations which were calculated in accordance with the child support guidelines using an agreed upon three-year income average. However, when this stipulation was reduced to writing, Terry refused to sign the agreement, alleging that the amounts stipulated to were derived from an erroneous income average. The District Court rejected Terry's request to amend the calculations and ordered child support in accordance with the oral stipulation.

Terry contends that the stipulation was based on an incorrect three-year income average, and therefore, the court-ordered support amounts do not comport with the guidelines. In addition to the statutory mandate which requires a court to apply the guidelines, she notes that Rule 46.30.1507(5), ARM, does not allow a court to base a determination of child support on an oral stipulation which varies from the guidelines.

However, we conclude that Terry's reliance on Rule 46.30.1507(5), ARM, is misplaced. The rule requires that if the parties stipulate or agree to vary from the guidelines, the stipulation, among other requirements, must be in writing and signed by both parties before a court can accept the stipulation. Here, the parties' stipulation was not an agreement to vary from the guidelines. Rather, the parties stipulated to use three-year income averages which were computed by Terry to arrive at the amount of child support due under the guidelines. Terry makes no argument that if we assume those figures to be correct, the guidelines have not been correctly applied. We conclude that the stipulation involved in this case is not the type of stipulation encompassed by the administrative rule upon which Terry relies. Therefore, Rule 46.30.1507(5), ARM, is inapplicable in this instance.

The issue on review is whether the court properly determined child support obligations on the basis of the factors set out in

8

§ *40-4-204*, MCA (1991), and in an amount consistent with the uniform child support guidelines. *In re Marriage of Wackler* (1993), *258* Mont. 12, *850* P.2d 963. Here, the parties stipulated to facts which were then relied on to establish the appropriate amounts of child support according to the guidelines. Once the parties entered into this stipulation, the court refused to allow Terry to unilaterally change facts upon which the stipulation was based.

This Court has previously held that a court can rely on the terms of a stipulation provided the stipulation is not contrary to law, court rule, or public policy. *In re Marriage of Sullivan* (1993), *258* Mont. 531, 539, 853 P.2d 1194, 1199; *School District No. 4 v. Colburg* (1976), 169 Mont. 368, 372, 547 P.2d 84, 86-87. Although we made clear in *Jensen v. Jensen* (1981), 192 Mont. 547, 629 P.2d 765, that a court is not bound by an agreement concerning child support where the welfare of the children is concerned, there is no evidence in this situation that the parties' stipulation regarding child support is contrary to law, court rule, or public policy, or that enforcement of the stipulation would endanger the children's welfare. The stipulation merely served the purpose of eliminating certain proof that would otherwise have been necessary in order to calculate each parent's support obligations.

Therefore, we conclude that the District Court did not err by accepting the parties' factual stipulation. Nor did it err when it held Terry to the stipulation by rejecting her request to

9

unilaterally alter this figure once an agreement in good faith had been reached and the hearing had proceeded in reliance on that agreement.

On this basis, we hold that the court did not abuse its discretion when it ordered child support in amounts consistent with the stipulation made by the parties on August 30, 1993.

<u>ISSUE 2</u>

Did the District Court abuse its discretion when it refused to award child support retroactive to the date the petition for modification was filed?

Terry contends that she had custody of one or both children from January 1993 until the time her petition for modification was granted. Although § 40-4-208, MCA (1991), allows for modification of support for installments accruing subsequent to notice of a motion for modification of support, the court did not order Ronald's support obligation to commence until October 1, 1993, even though Terry was the primary physical custodian during this time. She contends that the basis for this decision was the court's consideration of Ronald's allegations that even though he had previously paid $1800 of "past due child support" by stipulation, he had not actually owed that amount. Terry asserts that the court abused its discretion when it took into consideration these allegations which had already been settled by stipulation.

Whether child support is awarded retroactively to the date of notice of a motion for modification is clearly within the

10

discretion of the district court. *In re Marriage of Fronk/Wilson* (1991), 250 Mont. 291, 297, 819 P.2d 1275, 1279. However, in this case, the court based its decision to deny retroactive support at least in part on Ronald's contention that he did not really owe the amount he had paid pursuant to the prior stipulation.

During the hearing on this matter, Ronald reasoned that since he had already paid support he did not owe, he should not have to pay retroactive support now. In support of this claim, Ronald introduced evidence regarding this 1992 stipulation. However, Terry objected to the introduction of matters resolved by the 1992 stipulation, and the court agreed that the compromised settlement of 1992 was a settled matter and was irrelevant. The presiding judge stated that it was not appropriate to interfere with the earlier settlement, "nor am I going to consider the compromised settlement that was entered into, because these are done, as you said yourself, a done deal."

We agree that issues involved in the earlier settlement which were resolved by stipulation are not relevant to the question of whether Terry was entitled to child support retroactive to the date notice was given of the petition for modification. Prior circumstances resolved by the 1992 stipulation should not have formed the basis for the court's denial of Terry's request for retroactive support. We conclude that to deny support on the basis of the prior stipulation was an abuse of discretion.

11

If Terry is entitled to support during the times that one or both of the children reside with her, then there is no reason to distinguish between the support necessary after the court's order and the children's needs from the time of Terry's petition until the order was entered.  Child support is for the benefit of the children and the obligation exists regardless of disagreements occurring between the parents.  *In re Marriage of Ryan* (1989), 239 Mont. 100, 778 P.2d 1389.

This matter is remanded for a determination of the periods during which Terry is entitled to support, based on the custodial arrangements that existed at the various times subsequent to her petition.

### ISSUE 3

Should the District Court have awarded attorney fees to Terry pursuant to the parties' settlement agreement and dissolution decree?

The parties' separation agreement, which was incorporated into the original dissolution decree, provided that "[s]hould any future action be commenced to enforce, modify or interpret any provision of this Agreement, the Court shall award reasonable attorneys fees for the successful party as a cost of suit." On the basis of this provision, Terry contends she is entitled to reasonable attorney fees in this action.  She contends that the court erred when it did not address this issue in any of its orders.

12

A review of the record reveals that Terry did not request attorney fees as a form of relief in her original petition for modification. The issue of attorney fees was not mentioned until a brief in support of the petition was filed seven months later. We conclude that an argument raised for the first time in a supporting brief does not equate with raising an issue in the pleadings and serving notice to the court and opposing parties of the relief requested. When the issue of attorney fees is omitted from the pleadings, and no evidence is presented on that issue at trial, the issue is outside the purview of the District Court. *Naftco Leasing v. Finalco* (1992), 254 Mont. 89, 835 P.2d 728. Accordingly, the court did not err when it did not address this issue, and this Court will not consider a claim raised for the first time after the trial, against which the opposing party had no opportunity to defend.

The court's adoption of the parties' stipulation regarding respective child support obligations is affirmed. The District Court's denial of support retroactive to the date notice was given of the motion for modification of the decree is reversed and remanded for further proceedings consistent with this opinion.

_____
Ju tice

13

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices

May 3, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Don M. Hayes
HERNDON, HARTMAN, SWEENEY & HALVERSON, P.C.
P. O. Box 80270
Billings, MT 59108-0270

James Robert Graves
OLIVER, GRAVES & TOENNIS, P.C.
P. O. Box 7227
Billings, MT 59103-7227

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy