No. 95-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FILED

DEC 14 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN RE MARRIAGE OF

LINDA G. HECKLER PERKINS,

      Petitioner and Appellant,

  and

LEE DAVID HECKLER,

      Respondent and Respondent.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Barbara E. Bell, Bell & Marra,
          Great Falls, Montana

      For Respondent:

          Robert F. James, James, Gray & McCafferty,
          Great Falls, Montana

Submitted on Briefs:  November 30, 1995

Decided:  December 14, 1995

Filed:

*[signature]*
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Lee David Heckler filed a motion in the District Court for the Eighth Judicial District in Cascade County in which he requested the court to hold his former wife, Linda Perkins, in contempt for violating the couple's 1980 settlement agreement by failing to pay her share of the college education expenses of their children. After a hearing, the court granted David's motion and entered judgment for the amount due from Linda. After additional hearings and judgments for college expenses, the court entered an order which required that Linda execute an assignment of her wages to satisfy David's judgment against her. When Linda refused to assign her wages, the court ordered that her employer withhold the amount of $175 per pay period and pay that amount directly to David. Linda appeals from the District Court's assignment of wages. We reverse the order of the District Court.

The issue on appeal is whether the District Court abused its discretion when it ordered an assignment of Linda's wages pursuant to § 40-4-207, MCA.

FACTUAL BACKGROUND

Linda and David's marriage was dissolved by decree of dissolution filed on October 30, 1980. The decree incorporated the parties' property settlement agreement which provided that the parties' two children would live with David and that "[s]o long as the children reside with husband, husband will be fully responsible for the support and maintenance of the minor children . . . ." The parties also agreed that $11,600 would be set aside in an interest

2

bearing deposit for the college expenses of their children and that David and Linda would "share equally in the cost, including tuition, books, and room and board, of a college education for each of the children to the extent that the educational fund proves to be insufficient for that purpose."

The decree included the following provision regarding child support:

> LEE DAVID HECKLER shall be responsible for the support of the minor children so long as they reside with him and he shall also be responsible for all medical and medically related expenses incurred by or on behalf of the minor children. No other or further award of support for the minor children shall be made at this time. . . . The Court further orders the parties to perform all covenants, conditions, and obligations set forth in their said agreement as the same respect the care and support of the minor children.

(Emphasis added.)

The parties' children are now 25 and 23 years of age and have attended college. The daughter attended from 1988 until she graduated in 1993 and the son, presently a senior in college, began college in 1991. Both were over the age of 18 at the time they began attending college. The education fund, which had a balance of $32,330 in 1986, was depleted during the 1991-1992 school year and David has paid the remainder of the education expenses without the help of Linda. After repeated unsuccessful efforts to enforce Linda's contractual obligation, David sought, and the court entered, the assignment order which is the subject of this appeal.

## DISCUSSION

Did the District Court abuse its discretion when it ordered an assignment of Linda's wages pursuant to § 40-4-207, MCA?

3

A district court's order to assign wages is a discretionary act. *In re Marriage of Benner* (1985), 219 Mont. 188, 192-93, 711 P.2d 802, 805; *see* § 40-4-207, MCA. We review discretionary acts to determine if the court abused its discretion. *May v. First Nat'l Pawn Brokers* (1995), 270 Mont. 132, 134, 890 P.2d 386, 388.

The District Court ordered Linda's employer to withhold part of her wages and pay them directly to David pursuant to § 40-4-207, MCA. That section provides that a "court may order the person obligated to pay support or maintenance to make an assignment of a part of his periodic earnings . . . to the person entitled to receive payment." Section 40-4-207, MCA, therefore, allows the trial court to order a wage assignment for child support purposes, but an obligation to pay child support is a prerequisite to such an assignment order. *See In re Benner*, 711 P.2d at 805.

In this case, David agreed in the 1980 property settlement agreement that he would be "fully responsible for the support and maintenance of the minor children . . . ." Furthermore, the court's decree provided that David was responsible for all child support. Accordingly, Linda was never obligated by either the agreement or the court's decree to pay any child support, and there was no support obligation to enforce pursuant to § 40-4-207, MCA.

Furthermore, in Montana, a parent's obligation for support automatically terminates at the age of majority, unless there has been some voluntary agreement that support by one or both parents will continue beyond majority. *In re Marriage of Hurley* (1986), 222 Mont. 287, 298-99, 721 P.2d 1279, 1287 (citing *In re Marriage of Bordner* (1986),

4

220 Mont. 339, 343, 715 P.2d 436, 438; *In re Marriage of Herrig* (1982), 199 Mont. 174, 187, 648 P.2d 758, 765). Here, there could be no agreement to extend an obligation for Linda to pay support beyond majority because Linda had no obligation in the first place.

Therefore, while David's and the District Court's frustration is understandable, Linda's agreement to pay college expenses created nothing more than a contractual obligation which is enforceable in the same manner as all other contractual obligations. It may be reduced to judgment, as has been done in this case, and executed upon subject to the provisions of §§ 25-13-201 to -405, MCA. However, enforcement provisions which, by their terms, are specifically limited to obligations for child support and maintenance are not available.

Therefore, we conclude that the District Court abused its discretion when it ordered an assignment of Linda's wages pursuant to § 40-4-207, MCA. We reverse the District Court's order and order the wage assignment pursuant to § 40-4-207, MCA, to be withdrawn.

_____
                                Justice

We concur:

_____
      Chief Justice

_____

5

_William E. Huxtly_

_[signature]_

_[signature]_

_W. William Brightent_

Justices

December 14, 1995

### CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Barbara E. Bell, Esq.
Bell & Marra
303 Liberty Center
9 Third Street No.
Great Falls, MT 59401

Robert F. James
James, Gray & McCafferty
P.O. Box 2885
Great Falls, MT 59403-2885

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *N. Gallagher*
Deputy