No. 98-322

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 100N

_____

IN RE THE MARRIAGE OF )

)

DAVID HEINE, )

)

Petitioner and Appellant, ) OPINION

) AND

and ) ORDER

)

LAURA HEINE, )

)

Respondent and Respondent. )

_____

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter**

**Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. David Heine (Petitioner) appeals from the Findings of Fact, Conclusions of Law, and Order entered by the Thirteenth Judicial District Court, Yellowstone County, awarding Laura Heine (Respondent) primary residential custody of the parties' two children. We affirm.**

**¶3. The sole issue on appeal is whether the District Court abused its discretion in determining that Petitioner was not entitled to a continuance pursuant to Uniform District Court Rule 10.**

**¶4. The parties have been engaged in this litigation for more than six years. Petitioner filed the petition for dissolution in 1993. The court awarded sole custody of the children to Respondent in 1995. Petitioner appealed to this Court in 1996 and we remanded the case for a determination of primary residential custodian in 1997. Shortly thereafter, the District Court appointed Mr. Vernon Woodward (Mr. Woodward) as guardian ad litem to represent the interests of the children. The court set the trial date for January 29, 1998.**

**¶5. On the day of trial, Petitioner's then counsel, Kevin Sweeney (Sweeney), moved to withdraw stating that Petitioner had fired him. At the same time, Petitioner moved for a continuance of twenty days in which to obtain new counsel pursuant to Rule 10, U.Dist.Ct.R. The rule provides in pertinent part:**

When the attorney representing a party to an action or proceeding dies, is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him must be given notice by any adverse party:

(1) That such party must appoint another attorney or appear in person, and

(2) The date of the trial or of the next hearing or action required in the case, and

(3) That if he fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him, by default or otherwise.

Rule 10(b), U.Dist.Ct.R.

¶6. Respondent and Mr. Woodward objected to any continuance of the trial on the ground that Petitioner had already hired and fired five attorneys in the course of the litigation, which firings coincided with scheduled deadlines or court hearings. Respondent and Mr. Woodward stated that Petitioner's practice of switching attorneys immediately before important court dates appeared to be manipulative behavior designed to delay the proceedings. Respondent and Mr. Woodward noted that after firing his fifth attorney in December 1997, Petitioner received a "Rule 10 notice" informing him that he must appoint another attorney or appear in person and that the date for the trial was set for January 29, 1998. Additionally, the Rule 10 notice informed Petitioner that Mr. Woodward objected to any continuance of the trial as not in the best interests of the children, and that the District Court had advised the parties that it would not continue the trial date. Respondent and Mr. Woodward argued that, given this notice, Petitioner's request for a continuance on the day of trial was an abuse of process.

¶7. The court granted Sweeney's motion to withdraw but denied Petitioner's request for a continuance, stating that the matter had been going on much too long and further delay was not in the best interests of the children. Petitioner objected to the denial of his request for a continuance but to no avail. The trial commenced and Petitioner represented himself. The court issued its Findings of Fact, Conclusions of Law, and Order on February 24, 1998, awarding joint custody to the parties with Respondent as the primary residential custodian.

¶8. Petitioner assigns error to the denial of his request for a continuance. He argues that the notice procedure set forth in Rule 10, U.Dist.Ct.R., is mandatory and that the court committed reversible error when it failed to continue the trial for twenty days and allow him time to appoint new counsel. We disagree.

¶9. We determine that the District Court did not err in denying Petitioner's request for a continuance of the trial. The purpose of Rule 10, U.Dist.Ct.R., is to prevent a represented party from taking unfair advantage of the opposing party who has lost representation and to ensure that the unrepresented party receives a fair trial. Stanley v. Holms (1997), 281 Mont. 329, 336, 934 P.2d 196, 200-01. Respondent

complied with Rule 10 in December 1997, when Petitioner fired his fifth attorney. Petitioner received a Rule 10 notice six weeks before the trial informing him that Mr. Woodward opposed any continuance of the trial and that the court would not allow it. When, on the day of trial, Petitioner again fired his sixth attorney, there existed no further proceedings of which to give Petitioner notice. The facts of this case indicate that Respondent in no way took unfair advantage of Petitioner's situation concerning representation. Rather, it appears Petitioner himself took unfair advantage of the situation.

¶10. We agree with Respondent and Mr. Woodward that Petitioner's pattern of hiring and firing attorneys seems to be geared toward unreasonably delaying the proceedings. We defer to the court's determination that Petitioner's assertion that he needed more time to gather evidence was not credible. The record shows that Petitioner had at least six weeks, if not five years, in which to gather evidence of his wife's alleged child abuse. Given Petitioner's pattern of switching attorneys, the length of litigation, and Mr. Woodward's statement that the children needed closure, we agree with the District Court that Petitioner's request to continue the trial was not in the best interests of the children.

¶11. Based on our review of the record, we determine that the present appeal is not a legitimate attempt to defend rights and interests, but rather another attempt by Petitioner to exhaust judicial time and resources and cause unnecessary delay. Petitioner claims that the motive underlying his actions was to protect his children. However, we believe Petitioner's actions have only created an environment of hatred, and have caused Respondent and the children unnecessary emotional and financial distress. *See* Thomas v. Hale (1990), 246 Mont. 64, 69, 802 P.2d 1255, 1258. We believe this appeal was taken without substantial or reasonable grounds, and was an abuse of process highly detrimental to the interests of the children. *See* In re Marriage of West (1988), 233 Mont. 47, 52, 758 P.2d 282, 286; In re Marriage of Larson (1988), 234 Mont. 400, 404, 763 P.2d 1109, 1111. Therefore, pursuant to Rule 32, M.R.App.P., we impose sanctions against Petitioner. Petitioner is hereby ordered to pay damages in the sum of $1000 to the Respondent. This assessment is intended to compensate Respondent in some measure for her attorney's fees and costs associated with this appeal. Petitioner shall pay these damages to Respondent within thirty days of the issuance of this opinion and order.

¶12. It is further ordered that the Clerk of the Thirteenth Judicial District Court

**shall enter and docket a judgment in favor of Respondent and against Petitioner in the amount of $1000 in accordance with paragraph eleven of this opinion and order.**

**¶13. The Clerk of this Court is directed to mail a true and correct copy of this opinion and order to all parties of record and to the Clerk of the Thirteenth Judicial District Court.**

**¶14. Affirmed.**

Dated this 18th day of May, 1999.

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER