JUSTICE HUNT
delivered the Opinion of the Court.
Petitioner Rebecca Gray Wackier appeals the decision of the Fourth Judicial District Court, Missoula County, modifying visitation, capping child support at $39,500, and failing to award her attorney fees.
*14 We affirm.
Petitioner raises three issue for this appeal.
1. Did the District Court err in refusing to modify child support?
2. Did the District Court err in modifying visitation without providing advance notice to petitioner?
3. Did the District Court err in failing to award petitioner attorney fees and costs?
Rebecca Gray Wackier and Thomas Paul Wackier were married on December 16, 1990, in Missoula. Rebecca filed a petition for dissolution on March 12, 1991. Rebecca was pregnant at the time of filing the petition. On April 4, 1991, the parties entered into a marital and property settlement agreement. On July 9,1991, the court found that the agreement was not unconscionable and incorporated it into the decree of dissolution. The parties were given joint custody of the child, with Rebecca designated as principal residential custodian. Thomas was to have custody of the child 25 percent of the time, with visitation to be essentially arranged by the parties. Thomas was ordered to pay $400 per month in child support until January 1992 when the parties agreed to exchange information regarding their income for the purpose of applying the Uniform Child Support Guidelines.
Thomas works as a commissioned salesman and currently earns $77,000 a year. Rebecca is employed part-time as a hair stylist and has a yearly income of $7,000.
The record demonstrates that the parties have had difficulty implementing the dissolution decree. Thomas filed a motion in September 1991 requesting a clarification of visitation and day care expenses. Following a hearing, the court issued an order on October 25, 1991, establishing a visitation schedule and day care payments.
The parties failed to agree on a child support amount, based on 1991 incomes, by January 15, 1992, and on January 27, 1992, Rebecca filed a motion regarding child support. A hearing was held on February 19, 1992, and on April 20, 1992, the District Court issued its order finding that $400 a month in child support was sufficient and ordering Thomas to provide for post-high school education. In addition, the court clarified Thomas’s visitation rights. Rebecca appeals the decision.
I.
Did the District Court err in refusing to modify child support?
When this Court reviews child support awards, a presumption exists in favor of the district court’s determination, and this *15 Court will reverse the district court only if it has abused its discretion. In re Marriage of Sacry (1992), 253 Mont. 378, 833 P.2d 1035, 1038, 49 St. Rep. 452, 453. Whenever the court issues or modifies an order relating to child support, the district court is required to determine the child support obligation on the basis of the factors set out in § 40-4-204(1) and (2), MCA, and the Uniform Child Support Guidelines adopted by the Department of Social and Rehabilitation Services. Section 40-4-204(3), MCA.
In its order, the District Court found that Thomas’s yearly gross income was approximately $77,000. He is currently paying $400 a month in child support, $260 a month in day care, and $25 a month in insurance costs. Rebecca requested that the court increase the monthly child support to $557. The court found that $400 a month in child support was sufficient. In addition, the court ordered Thomas to provide for the child’s post-high school education. The court based its decision on the belief that child support should not be calculated on income in excess of $39,500 and that the reasons for capping support at this level were the specific statements contained within the Uniform Child Support Guidelines.
The District Court’s order was issued prior to our decision in Sacry where we concluded that the mandatory provisions of the guidelines do not apply to incomes greater than $39,500. Sacry, 833 P.2d at 1038. The $39,500 limitation does not place a cap on the amount of child support to be awarded based on incomes greater than $39,500. For incomes exceeding $39,500, the first $39,500 should be “first applied in the appropriate column and line which shows the number and age of the child to arrive at a minimum support amount.” Sacry, 833 P.2d at 1038 (quoting 46.30.1543(2), ARM). Any parental income that exceeds the $39,500 may be used to supplement a minimum support amount. The amount of the supplement is to be determined on a case-by-case basis utilizing the factors set out in § 40-4-204(1) and (2), MCA. The district court is given broad discretion in awarding supplemental child support based on parental incomes that exceed $39,500. Sacry, 833 P.2d at 1038. Thus, the guidelines do not establish a cap on child support on incomes exceeding $39,500, but instead provide the district court with greater flexibility in setting child support payments when parental income exceeds $39,500.
Even though the District Court erred in ruling that there was a cap on the amount of child support payments because Thomas earned more than $39,500, the court’s decision does not amount to *16 reversible error. After applying the first $39,500 of Thomas’s income, he is currently paying $400 a month in child support which is within the limits of the child support guidelines. Thomas is also responsible for $260 in monthly day care costs, as well as $25 per month in health insurance. In addition, Thomas is required to make arrangements to pay for any post-high school education that the child may need. We hold that the District Court did not err in refusing to modify child support.
II.
Did the District Court err in modifying visitation without providing advance notice to petitioner?
During the February 19, 1992, hearing, the District Court granted Thomas’s oral motion to modify the visitation schedule over Rebecca’s objection. The court modified visitation by giving Thomas visitation on Thursday evenings instead of Monday evenings, and clarified summer visitation, as well as allowing additional visits upon request when Thomas’s relatives visit from out of town. Rebecca contends that § 40-4-208, MCA, requires that she be given notice prior to modification of visitation rights.
Section 40-4-208(1), MCA, requires notice be given for a motion to modify a decree relating to child support and maintenance. Section 40-4-217(3), MCA, grants the district court authority to modify an order granting or denying visitation “whenever modification would serve the best interest of the child ....” In this instance, Rebecca was not prejudiced by the lack of notice because the District Court only clarified visitation rights as a result of some apparent confusion relating to the previous visitation schedule. Rebecca’s counsel was able to discuss these matters and properly raise Rebecca’s concerns as to Thomas’s request to extend visitation rights, which was denied. We hold that the District Court did not err in its clarification of Thomas’s visitation rights.
III.
Did the District Court err in failing to award petitioner attorney fees and costs?
The marital agreement entered into by the parties provided an award of attorney fees to the prevailing party should an action be initiated to enforce or modify the agreement. During the hearing, both parties requested attorney fees. The District Court concluded *17 that neither side substantially prevailed in their requests and denied attorney fees pursuant to § 40-4-110, MCA.
The District Court has discretion to grant attorney fees after considering the financial resources of the parties. Section 40-4-110, MCA. The award of attorney fees is permissive not mandatory. Section 40-4-110, MCA. We will not overturn the court’s decision denying attorney fees absent an abuse of discretion. In re Marriage of Manus (1987), 225 Mont. 457, 733 P.2d 1275. The District Court stated it had considered the financial resources of the parties and that neither side substantially prevailed in the case. We hold that the District Court did not err in failing to award attorney fees.
We affirm.
CHIEF JUSTICE TURNAGE, JUSTICES TRIEWEILER, HARRISON and McDONOUGH concur.