No. 05-700

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 271N

IN RE THE MARRIAGE OF

WALTER J. BOWDEN,

      Petitioner and Respondent,

   v.

THERESA L. BOWDEN,

      Respondent and Appellant.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause DR 01-22,
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Carolyn S. Gill, Attorney at Law, Plains, Montana

      For Respondent:

      Walter J. Bowden, *pro se*, Casper, Wyoming

                           Submitted on Briefs:  July 19, 2006

                                  Decided:  October 24, 2006

Filed:

                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Theresa Bowden (Theresa) appeals from an order of the Twentieth Judicial District Court, Sanders County, denying her motion to correct the calculation of the child support obligation of Walter Joseph Bowden, III (Joe). We reverse and remand.

¶3 We consider the following issue on appeal:

¶4 Whether the District Court erred in its calculation of the child support obligation:

(A) by its assignment of exemptions, child tax credits, and earned income credits;

(B) by deducting unsubstantiated employment expenses in favor of Joe; and

(C) by failing to credit a child support allowance in favor of Theresa for her child from a previous marriage.

## BACKGROUND

¶5 Joe filed a petition for dissolution of marriage on March 29, 2001. The decree of dissolution was entered on April 22, 2002. Theresa and Joe have two children from the marriage: Shelby Lee Bowden (Shelby), born February 23, 1998; and Walter Joseph Bowden, IV (Walter), born August 20, 1995. Theresa also has a son from a previous

2

marriage, Jason York (Jason). The court designated Joe as the primary residential parent, and awarded visitation to Theresa. The original parenting plan entitled Joe and Theresa to claim Shelby and Walter, respectively, as tax exemptions. Joe remarried after the dissolution and has a stepdaughter from that marriage, Paige Young (Paige). Due to problems which arose between Shelby and Walter and their father, Theresa filed a motion to amend the parenting plan on April 23, 2004, to designate her as the primary residential parent. The children moved in with Theresa in April 2004 under a temporary parenting plan. Shortly thereafter, in May 2004, Joe's attorney withdrew and Joe proceeded pro se.

¶6     The District Court granted Theresa's motion to amend, and issued an amended parenting plan on October 29, 2004. The amended parenting plan required Joe to pay monthly child support, and included an attachment of the Montana Child Support Guidelines, Worksheet A, setting forth the court's child support calculations. Theresa filed objections to the second amended parenting plan which included a motion to amend the parenting plan and correct child support calculations on November 15, 2004. In December 2004, Theresa requested that the court order Joe to provide proof of his wages so that the child support calculations could be finalized. On December 15, 2004, the court ordered Joe to file copies of his official pay stubs, reflecting his current income, with the Sanders County Clerk, and also mail a copy to Theresa's attorney. Theresa received Joe's new financial information on January 5, 2005. Based on the new financial information received from Joe, Theresa filed another motion to correct child support calculations on January 11, 2005. On March 8, 2005, the court issued an order which granted in part and

3

denied in part Theresa's motion to correct child support calculations and amend the second amended parenting plan. The court determined Joe's income to be $21,986, and determined Theresa's income to be $16,764. The court attached its child support calculations, which resulted in a total monthly child support payment of $364 from Joe to Theresa.

¶7     However, Theresa asserted that the modifications resulted in new errors, and on March 31, 2005, filed another motion requesting the court to correct its child support calculations.  Theresa argued that the court assigned the incorrect number of exemptions, child tax credits, and earned income credits in its calculations.  Theresa also argued that Joe claimed $2,400 in unsubstantiated work expenses for the purchase of uniforms, and that the court erred by not requiring Joe to provide documentation of these expenses.  The court denied Theresa's motion on July 20, 2005.  Theresa filed a notice of appeal on August 18, 2005.  Joe has not filed a brief in answer to Theresa's brief.

## STANDARD OF REVIEW

¶8     The standard of review for a district court's determination of child support is whether the trial court abused its discretion in its calculation and award. *In re Marriage of Craib*, 266 Mont. 483, 490, 880 P.2d 1379, 1384 (1994). In deciding whether a district court abused its discretion, we determine whether "the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice."  *Kovarik v. Kovarik*, 1998 MT 33, ¶ 21, 287 Mont. 350, ¶ 21, 954

P.2d 1147, ¶ 21 (quoting *In re Marriage of Wessel*, 220 Mont. 326, 333, 715 P.2d 45, 50 (1986)).

## DISCUSSION

*¶9      Whether the District Court erred in its calculation of the child support obligation.*

*A. The assignment of exemptions, child tax credits, and earned income credits.*

¶10     Theresa argues that the District Court's assignment of exemptions, child tax credits, and earned income credits is erroneous. She contends that the court's calculations skewed the actual income determination and precluded a correct assessment of the parents' resources available for child support.

¶11     Child support is calculated in accordance with the standards articulated in § 40-4-204, MCA, and the uniform support guidelines adopted by the Department of Public Health and Human Services pursuant to § 40-5-209, MCA. The district court must make specific findings to support any variances from the guidelines. Section 40-4-204(3), MCA; *Kovarik*, ¶ 39. There must be an evidentiary basis upon which the court's child support determination is based. *In re Marriage of Cowan*, 279 Mont. 491, 498, 928 P.2d 214, 219 (1996). Calculation of a child support obligation requires the determination of a party's actual income, which should fairly reflect a parent's resources actually available for child support. Admin. R. M. 37.62.106(1). Actual income includes "earned income credit and all other government payments and benefits." Admin. R. M. 37.62.106(2)(a).

5

¶12    Theresa argues that the District Court erroneously entered three exemptions for Joe in its calculations, instead of four, and erroneously entered three exemptions for Theresa, instead of two. Under the child support guidelines, a higher number of exemptions make more income available for child support purposes. In the decree of dissolution, the court authorized Joe and Theresa to claim Shelby and Walter, respectively, as exemptions. However, according to Joe's 2003 tax return, he claimed four exemptions—Shelby, himself, his new wife, and stepdaughter Paige. According to Theresa's 2003 and 2004 tax returns, she took an exemption only for herself, and her taxable income was eliminated by the use of this single exemption. However, she contends she could have taken an exemption for Walter had her income not been eliminated by the one exemption, and may need the second exemption to apply toward income in future years. Upon review of the record, it is evident that Joe has claimed four exemptions on his return, and that number should have been used by the District Court. Thus, the District Court's calculations regarding exemptions were incorrect. Joe should be assessed four exemptions and Theresa, two.

¶13    Theresa also contends that the District Court erroneously failed to credit Joe with a child tax credit for Paige. Like exemptions, the more child tax credits a taxpayer claims for tax purposes, the more income is deemed available for child support under the child support guidelines. In his 2003 tax returns, Joe listed Shelby and Paige as qualifying children for the child tax credit. Since the court originally authorized Joe and Theresa to claim Shelby and Walter, respectively, as exemptions, they are each able to claim one for

6

the child tax credit as well. However, the District Court, in its calculations, allotted Joe only one child tax credit for children of the marriage, and zero for "other children." Joe is entitled to take a child tax credit for Paige as well as Shelby, as he did on his tax returns, and the child support calculation should also reflect that. The District Court's use of one credit is thus incorrect. Joe is charged with two child tax credits, and Theresa with two.

¶14 Finally, Theresa argues that the District Court erred by assigning two earned income credits to her and by assigning no earned income credits to Joe. The more earned income credits a party has, the more income is deemed to be available for child support. Theresa contends that she is actually to be allotted three earned income credits, one each for Walter, Jason, and Shelby, and that Joe is entitled to one earned income credit, for Paige. Joe's 2003 tax returns show that he claimed both Shelby and Paige for purposes of receiving the earned income credit. Theresa explains that, beginning in 2004, under the amended parenting plan, which resulted in Shelby residing with her for more than six months of each year, Joe was not entitled to list Shelby for purposes of receiving the earned income credit. She argues that the District Court's child support calculations, which do not reflect the fact that Joe took an earned income credit for Paige, fail to accurately account for this credit in Joe's income calculations and results in a lower monthly child support amount for Joe than is actually due under the child support guidelines.

7

¶15 According to 26 U.S.C. § 152(c), a "qualifying child" for purposes of the earned income credit determination, under 26 U.S.C. § 32(c)(3), must have the "same principal place of abode as the taxpayer for more than one-half of such taxable year . . . ." Thus, since Shelby and Walter now live with Theresa for more than one-half of the year, they would be qualifying children for purposes of the earned income credit for her, as well as Jason, if he resides with her for more than half the year, for a total of three credits. If Paige resides with Joe for more than one-half the year, she would be a qualifying child for purposes of his eligibility for the earned income credit. Joe actually claimed both Shelby and Paige for the earned income credit in 2003, and is entitled to claim Paige thereafter. Thus, the court erred in assigning Joe zero earned income credits.

¶16 Exemptions, child tax credits, and earned income credits all fall within government payments and benefits which impact a taxpayer's actual income. Thus, since the District Court failed to correctly assign the exemptions and credits to Joe and Theresa, this resulted in an incorrect calculation of the parties' available income under the child support guidelines, and the parties' resources were not accurately determined for child support purposes.

**B. *The deduction of unsubstantiated employment expenses in favor of Joe.***

¶17 Theresa argues that the District Court erroneously deducted unsubstantiated employment expenses in favor of Joe. Joe claimed $2,400 in work expenses for the purchase of uniforms, and the District Court included this deduction in its calculations. Theresa contends that Joe did not provide any receipts or documentation for these

8

expenditures, and that his pay stubs show deductions for work expenses only totaling approximately $550 per year.

¶18 While a party is allowed to deduct actual non-reimbursed employment expenses for child support calculation purposes, such expenses may only be considered to the extent that they are supported by receipts or other acceptable documentation. Admin. R. M. 37.62.106(2)(e). The administrative rule guidelines clearly set forth that a party must provide proof of all claimed expenses. Our review of the record confirms Theresa's claim—Joe did not provide any documentation supporting his claimed $2,400 per year cost for work uniforms. Thus, we conclude that the District Court erred when it decided that Joe's claimed business expenses were deductible without proper documentation.

*C. The failure to credit a child support allowance in favor of Theresa for her child from a previous marriage.*

¶19 Theresa argues that the District Court erroneously failed to credit a child support allowance in favor of herself for Jason, her son from a previous marriage, in violation of Admin. R. M. 37.62.110(1)(b). The District Court originally credited each party with an allowance under this section, but when Theresa pointed out that Joe was not entitled to a child support allowance for Paige, as a stepchild, the court revised its calculations and subsequently eliminated the allowance from both Joe's and Theresa's calculations.

¶20 Although a parent is allowed to deduct a predetermined amount from her income as an allowance for the needs of children who are not children of the marriage, the

9

deduction is only allowed for adopted or biological children, and does not include stepchildren. Admin. R. M. 37.62.103(9). In its recalculations, the District Court correctly removed the deduction from Joe's calculations, but erroneously took it from Theresa. Thus, the District Court erred in denying Theresa a child support allowance for Jason.

## CONCLUSION

¶21　Notwithstanding our appreciation of the District Court's substantial efforts in attempting to calculate the support obligation herein, we reverse and remand for a recalculation based upon the foregoing.

/S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS