[Cite as *Whaley v. Hancock*, 2013-Ohio-1648.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BLAINE WHALEY

    and

STARK COUNTY CHILD SUPPORT
ENFORCEMENT AGENCY

    Appellants

-vs-

GERROD HANCOCK

    Appellee

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. 2012CA00136

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2009JCV00288 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 22, 2013 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellee | For Appellant - Stark County Child Support Enforcement Agency |
| HEATHER A. SMITH<br>Smith Reed, LLC.<br>Canton Daily News Building<br>401 Tuscarawas Street West, Suite 300<br>Canton, Ohio 44702 | ALICIA L. BOYLE<br>Stark Co. Child Support Enforcement<br>P.O. Box 21337<br>Canton, Ohio 44701 |

*Hoffman, J.*

{¶1}   Appellant Stark County Child Support Enforcement Agency appeals the June 26, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, in favor of Appellee Gerrod Hancock.

STATEMENT OF THE FACTS AND CASE[1]

{¶2}   Appellee Gerrod Hancock is the father of a minor child, born November 11, 2007. Appellee has been ordered to pay child support in the amount of $349.14 per month, with or without private health insurance, effective March 12, 2009.  Appellee was also ordered to provide private health insurance for the minor child or pay the additional amount of $64.58 per month through Stark County Child Support Enforcement Agency (CSEA) toward a cash medical account.

{¶3}   On March 8, 2012, Appellee filed a motion with the trial court herein to determine arrearages/overpayment.  Specifically, Appellee sought a credit for derivative Social Security benefits paid directly to the mother of the child for the benefit of the minor child due to Appellee's award of Social Security Disability due to a temporary disability.  It is undisputed the minor child received derivative social security benefits from November of 2010, through October of 2011, totaling $14,092.00.  The benefits were not collected through CSEA; rather, sent directly from the Social Security Administration to the child's mother.

{¶4}   The matter proceeded to hearing on June 26, 2012.  Via Judgment Entry of the same date, the trial court ordered Appellee is entitled to a credit on his monthly child support obligation for those months the minor child received derivative benefit

---

[1] A full rendition of the underlying facts is unnecessary for our resolution of this appeal.

payments. The trial court further ordered Appellee is entitled to full credit toward his cash medical account and processing fee obligations from the disability derivative benefits paid to the minor child. Accordingly, the trial court ordered CSEA to apply the derivative benefits received to both Appellee's cash medical account and child support obligations, as well as, the processing fees. The trial court credited any overpayment to future support and cash medical account obligations.

{¶5} Appellant Stark County Child Support Enforcement Agency now appeals, assigning as error:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT ORDERED CSEA TO GIVE APPELLEE CREDIT AGAINST JFS-ASSIGNED CASH MEDICAL ARREARS FOR DERIVATIVE SOCIAL SECURITY BENEFITS PAID DIRECTLY TO APPELLANT/MOTHER."

I.

{¶7} In *Williams v. Williams*, 88 Ohio St.3d 441 (2008), the Ohio Supreme Court, in considering whether to credit social security benefits paid to dependent children to an obligor's child support obligation, held,

{¶8} "We have found that '[t]he overwhelming majority of states that have considered this issue allow a credit for Social Security benefits paid to dependent children.' *Pontbriand v. Pontbriand* (R.I.1993), 622 A.2d 482, 484. See, also, Annotation, Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments Made for Benefit of Child (1995), 34 A.L.R. 5th 447. We believe that this is the more equitable result. Therefore, we join those

jurisdictions that permit a disabled parent's child support obligation to be directly set off by Social Security payments received on behalf of the minor child.

{¶9}   "In so doing, we reject the reasoning espoused by the court of appeals and the arguments made by appellee. Contrary to appellee's position, the Social Security payments made on the child's behalf are not mere gratuities from the federal government, nor do they constitute earnings by the child under R.C. 3113.215(B)(3)(f). Instead, the payments arise simply because the obligor has paid into the Social Security system and was found to be disabled. As stated by the Supreme Court of Alaska in *Miller v. Miller* (1995), 890 P.2d 574, 576: '[T]he employee, who throughout his working life has contributed part of the premiums in the form of deductions from his wages or salary, should be deemed to have a vested right to the payments prescribed by the statutory scheme, which in effect comprises the terms of the insurance policy. He has earned the benefits; he is not receiving a gift.' We agree with this rationale and find that Social Security payments are tantamount to earnings by the disabled parent.

{¶10}   "Furthermore, it is illogical to suggest that the granting of a credit will result in a windfall to the obligor and will penalize the child by providing that child with less money for his or her support. In essence, 'a credit for * * * Social Security benefits does not retroactively modify the disabled parent's monthly child support obligation; it merely changes the source of the payments.' *In re Marriage of Cowan* (1996), 279 Mont. 491, 500, 928 P.2d 214, 220. Therefore, where the disabled parent has no other source of income due to his or her disability, the receipt of Social Security payments actually ensures that the obligor's child support obligation will be at least satisfied.

**{¶11}** "Consequently, we hold that a disabled parent is entitled to a full credit in his or her child support obligation for Social Security payments received by a minor child. Accordingly, appellant's child support obligation shall be set off by those Social Security payments received on Jessica's behalf. Since the amount of Social Security payments Jessica received exceeds what appellant owed, the trial court shall enter judgment reflecting that no child support is owed from the time she first received the Social Security benefits."

**{¶12}** Appellee argues the holding in *Williams* should be extended to provide credit for derivative benefits paid against his cash medical account obligation. CSEA argues the Court in *Williams* never contemplated such cash medical account payments because they were not part of Ohio law until many years later. CSEA asserts it would be inequitable to credit Appellee for the derivative benefits paid and never received by the State, as the State has continued to provide cash medical benefits to the minor child.

**{¶13}** Upon review of the holding in *Williams*, we agree with the rationale set forth by that Court finding Social Security payments are tantamount to earnings by the disabled parent. Where, as here, the disabled parent has no other source of income due to his or her disability, we find the receipt of Social Security payments ensures both the obligor's child support obligation and cash medical accounts payments will be satisfied. The payment of the benefits directly to the child's mother instead of directly to the CSEA does not change the fulfillment of the obligation.

**{¶14}** We find the trial court did not err in crediting Appellee for the payments made and in applying future credits to both of Appelle's obligations.

**{¶15}** The sole assignment of error is overruled.

**{¶16}** The June 26, 2012 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BLAINE WHALEY                               :
                                           :
          and                              :
                                           :
STARK COUNTY CHILD SUPPORT                 :
ENFORCEMENT AGENCY                         :
                                           :
          Appellants                       :
                                           :
-vs-                                       :        JUDGMENT ENTRY
                                           :
GERROD HANCOCK                             :
                                           :
          Appellee                         :        Case No. 2012CA00136

For the reason stated in our accompanying Opinion, the June 26, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, is affirmed. Costs to Appellant Stark County Child Support Enforcement Agency.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER